**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Columbia Division**

**SHEILA G. KNOX,**

    **Plaintiff,**

**v.**                                                  **No.:** _____

**SOUTHEASTERN EMERGENCY
SERVICES, P.C., and TEAM HEALTH, INC.**

    **Defendant.**

## COMPLAINT

PLAINTIFF, Sheila Knox, brings this action against the Defendants. She alleges the following.

### I.     PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act ("FLSA") of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.

3. The Court has personal jurisdiction over the Plaintiff, a resident of Tennessee, and the Defendants, who do business at Maury Regional Hospital, in Maury County, Tennessee.

4. Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendants do business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

5. Defendant Southeastern Emergency Services, P.C. is a corporate entity doing business in Maury County, Tennessee. Defendant may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

6. Defendant Team Health, Inc., is a corporate entity doing business in Maury County, Tennessee. Defendant may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2908 Poston Avenue, Nashville, TN 37203.

7. Throughout her employment with Defendants, Plaintiff has been a covered employee under the FLSA.

8. Defendants are "joint employers" as that term is defined by the FLSA.

9. The Defendants are covered "employers" under the FLSA.

## II. FACTUAL BASIS FOR SUIT

10. Plaintiff is a former employee of Defendants. Plaintiff has worked for Defendants in Maury Regional Hospital since approximately 2005.

11. Accordingly, Plaintiff has worked for Defendant within both the two and three year statutes of limitation under the Fair Labor Standards Act.

12. Plaintiff worked for Defendants as a physician's assistant.

13. Plaintiff was compensated at a rate of $65 per hour.

14. During Plaintiff's employment, she performed work in excess of forty (40) hours per week on a regular and repeated basis.

15. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

16. Under the Fair Labor Standards Act, "overtime must be compensated a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

17. When Plaintiff worked more than forty (40) hours during a week, Defendants did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

18. Defendants' failure to pay Plaintiff overtime wages is a willful violation of the FLSA.

19. Defendants are unable to bear their "substantial burden" of showing its failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b); 29 U.S.C. §260.

20. Defendants are unable to bear their burden of showing that Plaintiff fell within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

### III. CAUSES OF ACTION

21. The forgoing facts are incorporated by reference as if fully stated herein.

22. Plaintiff brings the following claim against Defendants: Willful violation of the Fair Labor Standards Act of 1938.

### IV. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

A. A declaratory judgment that Defendants have violated the overtime wage provisions of the FLSA;

B. A declaratory judgment that Defendants' violations of the FLSA were willful.

C. Damages in the amount of Plaintiff's unpaid overtime compensation to be proven at trial.

D. Interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to Plaintiff pursuant to 29 U.S.C. § 216(b);

E. Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

F. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

*/s/ Michael L. Russell*
Michael L. Russell (020268)
Emily S. Emmons (033281)
Gilbert Russell McWherter Scott Bobbitt PLC
341 Cool Springs Blvd, Suite 230
Franklin, Tennessee 37067
Telephone: 615-354-1144
mrussell@gilbertfirm.com
eemmons@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*